IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GORDON R. HOWARD AND NOLA R. HOWARD,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST CO., as Trustee of Ameriquest Securities, Inc., Asset Backed Pass-Through Certificates, Sereies 2004-R2 under the Pooling and Servicing Agreement dated as of March 1, 2004<br><br>    Defendants. | Case No. 07 C 0095 |

## DEFENDANTS' ANSWER TO THE COMPLAINT

NOW COME Defendants Ameriquest Mortgage Company ("Ameriquest") and Deutsche Bank National Trust Company ("Deutsche"), by and through their attorneys, Thompson, Rosenthal & Watts, LLP, and for their Answer to the Complaint. In support thereof, Defendants state as follows:

## MATTERS COMMON TO MULTIPLE CLAIMS

## INTRODUCTION

1.    Plaintiffs, Gordon R. Howard and Nola R. Howard bring this action against mortgage lender Ameriquest Mortgage to secure redress from predatory and fraudulent lending practices. Plaintiffs seek to rescind a residential mortgage loan for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**Answer:**

Defendants admit that Plaintiffs have filed a complaint alleging violations of TILA and Federal Reserve Board Regulation Z. Defendants deny all other averments contained in paragraph 1.

## JURISDICTION

1

2. This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), 15 U.S.C. §1640 (TILA) and 28 U.S.C. §1367 (supplemental jurisdiction). Venue in this District is proper because defendant transacts business here.

**Answer:**

Defendants admit that this Court has jurisdiction over general federal questions and TILA. Defendants further admit that they do business in Cook County. Defendants deny all other averments in paragraph 2.

## PARTIES

3. Plaintiffs, Gordon R. Howard and Nola R. Howard are husband and wife who reside in their home in Port Byron, Illinois.

**Answer:**

Defendants have insufficient knowledge to admit or deny the averments contained in paragraph 3; therefore, Defendants deny such averments.

4. Defendant Ameriquest Mortgage Company ("Ameriquest") is a national lender located in California. Its registered agent is National Registered Agents Inc. located at 200 W. Adams, Chicago, Illinois.

**Answer:**

Defendant Ameriquest Mortgage Company admits that it is a mortgage company, with its principal place of business in California. Defendant further admits that the address listed for its registered agent is correct. Defendants deny the remaining averments in paragraph 4.

5. Ameriquest is a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

**Answer:**

The averments in paragraph 5 call for a legal conclusion; therefore, Defendants cannot answer such averments.

6.  Deutsche Bank National Trust Company, as Trustee of Ameriquest Securities, Inc., Asset Backed Pass-Through Certificates, Series 2004-R2 under the Pooling and Servicing Agreement dated as of March 1, 2004 is the current owner or trustee who has filed a foreclosure action against plaintiff. It is a necessary party to the claim for rescission.

**Answer:**

Defendants admit that Deutsche Bank National Trust Company is the current holder of the Note and Mortgage executed by Plaintiffs and that Deutsche Bank National Trust Company has filed a foreclosure action in the Circuit Court of Rock Island County. The remaining averments state legal conclusions to which no answer is necessary.

### FACTS RELATING TO PLAINTIFFS' LOAN

7.  On January 27, 2004, plaintiffs obtained a $70,000 refinance loan from Ameriquest.

**Answer:**

Defendants admit that an Adjustable Rate Note secured by a Mortgage were executed by the Plaintiffs to Ameriquest on January 27, 2004. Defendants further admit the original loan amount was $70,000.00. Defendants deny all remaining averments in paragraph 7.

8.  The loan had an adjustable interest rate of 10.250%.

**Answer:**

Defendants admit that the Adjustable Rate Note executed by Plaintiffs on January 27, 2004 had an adjustable interest rate of 10.250%.

9.  On January 27, 2004, Ameriquest Mortgage provided plaintiff with a Notice of Right to Cancel and a One Week Cancellation Period form.

**Answer:**

3

Defendants admit that the Notice of Right to Cancel and One Week Cancellation Period Form were provided to plaintiffs on January 27, 2004 and further states that Plaintiffs executed the documents on that same date.

10. The Notice of Right to Cancel stated that the loan can be cancelled within three (3) business days from whichever the following events occurs last: (1) The date of the transaction, (22) the date you receive your Truth In Lending disclosures or (3) the date you receive this notice of your right to cancel.

**Answer:**

Defendants admit that the averments in paragraph 10 are contained within the Notice of Right to Cancel.

11. This Notice of the Right to Cancel was not filled out and did not contain the date by which plaintiffs had to cancel the loan.

**Answer:**

Defendants deny the averments contained in paragraph 11.

12. The One Week Cancellation Period form provided a one week in which to cancel the loan.

**Answer:**

Defendants admit they provided Plaintiffs with a One Week Cancellation Period allowing Plaintiffs to rescind the loan within one week (including the day Plaintiffs signed the loan documents) of the execution of the documents.

### COUNT I – TILA RESCISSION

13. Plaintiffs incorporate ¶¶1-12.

**Answer:**

Defendants incorporate their answers to the averments contained in paragraphs 1-12 above.

4

14. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by TILA, 15 U.S.C. §1635, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. §226.23.

**Answer:**

The averments in paragraph 14 call for a legal conclusion; therefore, Defendants cannot answer such averments.

15. Section 226.23 provides:

(a) <u>Consumer's right to rescind.</u>

(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest sshall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section. [fn]47

(2) To exercise the right to rescind, the consumer shall notify the creditor of rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after

5

> consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
>
> (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
> (b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (2) The consumer's right to rescind the transaction.
>
> (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (4) The effects of rescission, as described in paragraph (d) of this section.
>
> (5) The date the rescission period expires....
>
> (f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:
>
> (1) A residential mortgage transaction [deined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
> (2) A credit plan in which a state agency is a creditor.

<u>Answer:</u>

6

Paragraph 15 contains no factual averments; however, Defendants admit that paragraph 15 appear to correctly quote excerpts of the federal regulations.

16. Because Ameriquest failed to comply with Section 226.23, plaintiffs have a continuing right to rescind.

**Answer:**

Defendants deny the averments in paragraph 16.

17. Defendant's practice of providing its disclosure of One Week Cancellation Period form, when offered in conjunction with the Notice of Right to Cancel form, violates TILA's requirement that the creditor clearly and conspicuously disclose the borrower's absolute right to cancel the transaction within three business days.

**Answer:**

Defendants deny the averments in paragraph 17.

18. A consumer who relies on the One Week form instead of the three business

**Answer:**

To the extent that paragraph 18 fails to state a complete sentence, Defendants lack sufficient information to form a belief as to the truth of the incomplete averment in paragraph 18; therefore Defendants deny such averment.

19. Plaintiff's have a continuing right to rescind as Ameriquest did not clearly and conspicuously disclose the borrower's absolute right to cancel the transaction within three business days.

**Answer:**

Defendants deny the averments in paragraph 19.

20. 15 U.S.C. §1635(g) provides:

**Additional relief**

> **In any action in which it is determined that a creditor has violated this section, in addition to the rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

<u>Answer:</u>

Paragraph 20 contains no factual averments; however, Defendants admit that paragraph 20 appear to correctly quote excerpts of the statute.

WHEREFORE, Defendants Ameriquest and Deutsche prays that this Court enter a judgment against Plaintiffs and for Defendants and any other or further relief this Court deems just and proper.

    Respectfully Submitted,
    AMERIQUEST MORTGAGE COMPANY AND DEUTSCHE
    BANK NATIONAL TRUST,

    BY: /s/ Michelle R. Ratledge
        One of Defendants Attorneys

Ari J. Rosenthal
Bryan M. Sims
Michelle R. Ratledge
Thompson, Rosenthal & Watts, LLP
Suite 111
1001 E. Chicago Ave.
Naperville, IL 60540
(630) 369-3535
(630)369-4848 (fax)