**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) | MDL No. 1715<br>Judge Aspen |
| _____ | ) | Lead Case No. 05-7097 |
| GORDON R. HOWARD and<br>NOLA R. HOWARD, | ) ) |  |
| Plaintiffs, | ) ) ) | Case No. 07 C 0095 |
| v. | ) ) | JURY DEMANDED |
| AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST CO., as Trustee of Ameriquest Securities, Inc., Asset Backed Pass-Through Certificates, Series 2004-R2 under the Pooling and Servicing Agreement dated as of March 1, 2004, | ) ) ) ) ) ) ) |  |
| Defendants. | ) |  |

**PLAINTIFFS' MOTION TO AMEND COMPLAINT TO
ADD THEIR MORTGAGE SERVICER AS A NECESSARY PARTY**

Plaintiffs respectfully requests that this Court grant them leave to file an amended

complaint in order to add their mortgage servicer American Home Mortgage Servicing Inc.  The

proposed Amended Complaint is attached as *Exhibit 1*.

In support of this motion, plaintiffs state as follows:

1.      Like the other cases in the MDL, the Howards request rescission and statutory

damages based on Ameriquest's delivery of undated notices of right to cancel and federal notices of

right to cancel that were, plaintiffs' allege, obscured by Ameriquest's simultaneous use of a second

and different form, its "One Week Cancellation Period" form.

2.      In order to effectuate rescission, plaintiffs seek to add their current mortgage

servicer American Home Mortgage Servicing Inc.

3. A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. *Espey v. Wainwright*, 734 F. 2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); *accord*, *Dussouy v. Gulf Coast Investment Corp.*, 660 F. 2d 748, 597 (5th Cir. 1981); *Cement Masons' Pension Fund, Local 502 v. Clements*, 91 C 8032, 1993 U.S. Dist. LEXIS 13938 (N.D.Ill., Oct. 5, 1993); *Nagy v. Riblet Products Corp.*, No. S90-202 (RLM), 1991 U.S. Dist. LEXIS 20128, *1, Fed. Sec. L. Rep. (CCH) P96,535 (N.D.Ind., Oct. 16, 1991); *Kopala v. Pepsi-Cola Bottling Co.*, No. S90-296 (RLM), 1991 U.S. Dist. LEXIS 10261, *3-4, 55 Fair Empl. Prac. Cas. (BNA) 1535 (N.D.Ind. May 7, 1991); *Select Creations v. Paliafito Am.*, 830 F. Supp. 1213, 1215-16 (E.D.Wisc. 1993).

4. The amendment will not cause prejudice to the defendant as the core facts are the same and discovery has not yet closed. Further the servicer is named a necessary party to effectuate recision and no additional discovery would be required by adding the servicer. *See Johnson v. Oroweat Foods*, 785 F. 2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); *Hely & Patterson Intern v. F.D. Rich Housing*, 663 F. 2d 419, 426 (3rd Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely."); *Head v. Timken Roller Bearing Co.*, 486 F. 2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

WHEREFORE, Plaintiff respectfully requests that this Court grant them leave to file an amended complaint in order to add their mortgage servicer American Home Mortgage Servicing

Inc.  The proposed Amended Complaint is attached as *Exhibit 1*.

Respectfully submitted,

/s/ Keith J. Keogh

Keith J. Keogh
KEOGH LAW , LTD.
101 N. Wacker, Suite 605
Chicago, IL 60606
(312) 726-1092
(312) 726-1093 (fax)